OCHOA FERTILIZER COMPANY, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 867.   Submitted May 16, 1932.—Decided June 6, 1932.

*J. Henri Brown, C. Ruiz Nazario,* and *G. E. González* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In an action of debt prosecuted in the District Court of San Juan by Ochoa Fertilizer Co. against Juan Amill Rodríguez, the court was asked to decree an attachment on property of the defendant, to the extent of $2,496, to secure any judgment that might be rendered in the action. The court decreed the attachment upon the furnishing of a bond for $2,000. The bond having been furnished, the clerk of the court issued a writ directed to the Registrar of Property

of San Germán, in whose books real property belonging to the defendant is recorded, in order that a notice of the attachment should be entered thereon.

The registrar refused to make the entry on the following grounds:

"Record is denied of the foregoing document, with which another instrument was exhibited setting forth a description of the attached properties, because it appears that the order of attachment issued by the District Court for the Judicial District of San Juan has been executed merely by means of a writ issued by the clerk of the court to the Registrar of Property of San Germán and it does not appear from the documents presented that the marshal of the District Court of Ponce, which includes the town of Yauco where the properties attached are located, has had any intervention in the execution of the said order of attachment as the only officer with power under the law; . . . ."

It is stated by the registrar in his brief that, had it not been for the ruling of this Court in *Rodríguez* v. *Registrar*, 42 P.R.R. 100, he would have entered the notice. In its brief the appellant invokes in its favor the decisions of this Court in *Batle et al.* v. *Registrar of Arecibo*, 30 P.R.R. 693, and *Santini Fertilizer Co.* v. *Registrar*, 36 P.R.R. 19, and distinguishes the *Rodríguez* case, *supra*.

Let us see what was really held in the cited decisions.

In the *Batle* case, *supra*, the clerk of the District Court of Ponce issued a writ to the Registrar of Property of Arecibo, directing the cancellation of a certain mortgage and the registration of another, all, of course, pursuant to an order of the court. The registrar refused to comply with the writ on the ground that the same had not been issued by the marshal of the District of Arecibo, where the attached property was situated. He cited in support of his refusal article 97 of the Mortgage Law Regulations, section 245 of the Code of Civil Procedure, and the decisions of this Court in *Luce & Co., Ltd.*, v. *Registrar of Guayama*, 28 P.R.R. 911, and *Benet* v. *Hernández*, 22 P.R.R. 323. This Court held that

the second paragraph of article 97 of the Regulations applicable to the case had been repealed by General Order No. 100 of April 30, 1900, which provides: "Upon the recommendation of the judicial board the following is hereby ordered: I. The courts of justice shall communicate directly with each other, without the subordination of inferior to superior courts, established by article 287 of the law of civil procedure. II. The courts of justice may also communicate directly with any registrar of property, or any other office, for the execution of the judicial orders they may issue"; that the said order was in full force, notwithstanding the holding of the Supreme Court of the United States in *Ochoa* v. *Hernández,* 230 U. S. 139; that the *Luce* case, *supra,* was decided without taking into consideration General Order No. 100 of 1900; that the *Benet* case, *supra,* was not applicable because it dealt with a writ issued by the marshal of a district to the registrar of another; and that section 245 of the Code of Civil Procedure had reference to a writ of execution but did not amend the aforesaid general order. As a result, the decision of the registrar was reversed and the writ upheld.

Four years afterward the doctrine laid down in the *Balle* case, *supra,* was expressly confirmed in *Santini Fertilizer Co.* v. *Registrar, supra.*

Prior to the case of Rodríguez, *supra,* there was decided that of *Vivaldi* v. *Registrar,* 39 P.R.R. 651, in which it was held that "A writ of attachment addressed to the marshal of the district in which the property to be attached is situated and endorsed by him as executed gives authority to the registrar to enter a cautionary notice of the attachment in the registry without the necessity of a new writ addressed to the registrar."

Then came the decision in the *Rodríguez* case, *supra,* the syllabus of which reads as follows:

"An attachment must be levied only by the marshal upon a writ issued by the clerk; the latter official is without power to make such levy."

In the opinion, the writ issued by the clerk was copied, the concluding paragraph thereof being as follows:

"WHEREAS, at the request of the said plaintiff Baudilla Rodríguez, of full age, a widow, property owner, and resident of San Juan, and in compliance with the order transcribed herein I have attached the property above described.

"THEREFORE, in order that you, the Registrar of Mayagüez, P. R., enter a notice of the said attachment, I issue this writ of execution in duplicate under my signature and the seal of this court, at San Juan, P. R., this 24th day of October, 1930."

The ruling of the registrar was then transcribed, and without any reference to other decisions of this Court the opinion concluded thus:

"The ruling of the registrar is correct. A clerk of a court has no right to attach property nor does such a duty devolve upon him according to the law. An attachment must be levied by the marshal upon a writ issued by the clerk."

In our judgment, taking into account the holding in the *Batle* case, *supra,* confirmed in the *Santini* case, *supra,* and the language used in the applicable section of the Act for the security of judgments, to wit: "The attachment . . . of real property shall be recorded in the registry of property, . . . (Section 9 of "An Act to secure the effectiveness of judgments," of March 1, 1902, Comp. Stat. 1911, p. 850), it will be sufficient that the court decree the attachment and that the clerk issue a writ to the registrar pursuant to such decree, in order that the registrar may be empowered and bound to enter a notice of the attachment. This does not mean that if the marshal is directed to levy the attachment he has no power to make the levy. He has it, as was held in the *Vivaldi* case, *supra.* For this kind of attachments, that is, those ordered to be levied by means of an entry in the registry, either method may be pursued. The order comes always from the court and can be executed by a writ issued directly either

to the registrar or to the marshal, as in ordinary cases for the latter to act.

The decision in the *Rodríguez* case, *supra,* is justified by its own terms. The writ issued by the clerk in that case was improper since the attachment of property is not within his province. And he expressly stated that he had attached the immovable described at the instance of the plaintiff.

By virtue of the foregoing, the decision appealed from is reversed.